[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 9, 2007
THOMAS K. KAHN
CLERK

No. 07-10843
Non-Argument Calendar

_____

D. C. Docket No. 05-00026-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMORY LINHART LARISCY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 9, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Emory Linhart Lariscy appeals the district court's imposition of a 24-month

term of incarceration upon revocation of his supervised release. For the reasons that follow, we affirm.

## I. BACKGROUND

In August 2006, Lariscy was convicted of making a threat against the President of the United States, in violation of 18 U.S.C. § 871(a), and sentenced to 15 months' imprisonment to be followed by a three-year term of supervised release. Special Condition Number 2 of Lariscy's supervised release prohibited him from consuming alcoholic beverages. Standard Condition Number 2 required that Lariscy report to the probation officer and submit a truthful and complete written report within the first five days of each month.

On the evening of December 21, 2006, U.S. Probation Officer David Lamb made an unannounced visit to Lariscy's home and observed Lariscy sitting with an open can of beer while entertaining a female friend. Lariscy admitted to Officer Lamb that he had been drinking and stated that he was "too old to change." Based on this encounter, on January 10, 2007, Officer Lamb filed a petition to revoke Lariscy's supervised release.

On January 11, 2007, Officer Lamb phoned Lariscy and told him to report to the probation office for a urinalysis scheduled later that day. Lariscy asked Officer Lamb to postpone the urinalysis until the next day, but Lamb refused. Lariscy

2

became upset and stated that "he didn't know he was living in Nazi, Georgia." Lariscy failed to report to the probation office for his urine test.

On January 12, 2007, Officer Tony Taylor went to Lariscy's home to execute the arrest warrant arising from the January 10th revocation petition. Lariscy greeted Taylor in a "very hostile" manner and reiterated his references to living in "Nazi, Georgia." Officer Taylor saw Lariscy with a beer, smelled the aroma of alcohol on Lariscy's person, and surmised that he was intoxicated. After Lariscy calmed down, Officer Taylor arrested him.

On January 25, 2007, Officer Lamb filed an addendum to the revocation petition, reporting Lariscy's refusal to submit to a urinalysis on January 11th and his consumption of alcohol January 12th.

At the revocation hearing, the district court heard the testimony of Officers Lamb and Taylor regarding the events of December 21, 2006 and January 12, 2007. On cross-examination, Officer Lamb testified that he had visited Lariscy's home twice before his December 2006 visit and had not observed any other infractions. Officer Taylor testified that he did not use an intoximeter on Lariscy the day he arrested him, and that although he had been to Lariscy's home before, none of those previous encounters had caused him to believe that Lariscy was violating the conditions of his supervised release. The court also considered

3

written statements of three employees of a county detention center made several hours after Lariscy's arrest. All three of the detention center employees stated that Lariscy did not appear to be intoxicated at the time they observed him, which was five to six hours after his arrest.

Before imposing sentence, the district court noted that it had been "very lenient" in imposing Lariscy's initial sentence. The court stated that Lariscy "has a propensity to drink or to consume alcohol, and then he is capable in the Court's view of great mischief when he does that." In discussing Lariscy's potential for violence, the district court noted that Lariscy had previously threatened an attorney who was administering an estate, that federal agents had unsuccessfully attempted to dissuade Lariscy from threatening the President, and that in another criminal case, a defendant had stolen a "small arsenal" from Lariscy. The court went on to state that:

> I thought Mr. Lariscy would heed the Court's sentence on that previous occasion last. The Court, in my view, gave him a very lenient sentence. The probation officer points that out. But yet, Mr. Lariscy has the potential to be violent, or at least to give people cause regarding his threats.
>
> After he was released by the prison authorities, within three months, we have him consuming alcohol. It seems that all previous occasions when he was in trouble it was due to the consumption of alcohol. The previous sentence imposed was 12 to 18 months below the applicable guideline imprisonment range.

4

So the Court will not extend much more sympathy to thinking this is an old man with a loud mouth and a violent temperament. If I thought he was harmless, totally harmless, I would fashion a sentence in accordance with that.

After stating that it had "considered the Sentencing Commission's Chapter 7 advice," the district court sentenced Lariscy to 24 months' imprisonment. Lariscy appeals.

## II. STANDARDS OF REVIEW

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Our "[r]eview for reasonableness is deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in [18 U.S.C. § 3553(a)]." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We review the district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines for an abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

## III. DISCUSSION

Upon finding by a preponderance of the evidence that a defendant has violated a condition of his supervised release, a district court may, after considering the factors set forth in § 3553(a), revoke the term of supervised release

5

"and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e); Sweeting, 437 F.3d at 1107. When revoking a term of supervised release pursuant to § 3583(e), pertinent § 3553(a) factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, providing just punishment for the offense, affording adequate deterrence, the need to protect the public from further crimes of the defendant, the Sentencing Guidelines range, and the relevant policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a).

Chapter 7 of the Guidelines governs violations of supervised release and contains policy statements providing recommended ranges of imprisonment applicable upon revocation. U.S.S.G. § 7B1.4, p.s.; Silva, 443 F.3d at 799. This court has consistently held that the policy statements of Chapter 7 are merely advisory and not binding. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Thus, although "the district court is required to consider the policy statements, it is not bound by them." Silva, 443 F.3d at 799. "When exceeding the recommended range, the court must normally indicate that it considered the Chapter 7 policy statements." Id. "[I]t is enough that there is some indication that the district court was aware of and considered them." Aguillard, 217 F.3d at 1320.

## A. Consideration of the 18 U.S.C. § 3553(a) Factors

Lariscy argues that the 24-month sentence imposed by the district court was unreasonable because the court failed to adequately consider the factors set forth in 18 U.S.C. § 3553(a). We disagree.

Although the court did not explicitly reference § 3553(a) in imposing sentence, the court's discussion of Lariscy's history, his underlying offense of conviction, and his potential for violence demonstrates that the court considered the § 3553(a) factors in imposing the sentence. For example, the court noted that Lariscy: (1) "has a propensity to drink or to consume alcohol," which makes him capable "of great mischief," (2) has the potential to be violent, (3) violated the conditions of his supervised release a mere three months after his release from prison, and (4) had received a "very lenient" initial sentence. These statements establish that the court considered Lariscy's history and characteristics, see 18 U.S.C. § 3553(a)(1), the need to protect the public from further crimes of Lariscy, see id. § 3553(a)(2)(C), and the need to afford adequate deterrence to criminal conduct, see id. § 3553(a)(2)(B). Moreover, the court's statements that federal agents had unsuccessfully attempted to dissuade Lariscy from threatening the President reflects the court's consideration of the nature and circumstances of Lariscy's underlying offense, see id. § 3553(a)(1). And the court stated explicitly

7

that it "considered the Sentencing Commission's Chapter 7 advice," see id.

§ 3553(a)(5). As such, the record establishes that the district court considered the

§ 3553(a) factors, including the pertinent policy statements of the Sentencing

Commission, and Lariscy's reasonableness challenge fails in this regard.[1]

## B. Whether the Sentence Is Greater than Necessary

Lariscy also argues that his sentence is unreasonable because it is greater

than necessary to meet the goals of the Sentencing Reform Act. We are

unpersuaded.

In imposing a sentence that exceeded the Chapter 7 advisory range,[2] the

district court stated that it had "considered the Sentencing Commission's Chapter 7

advice." See Silva, 443 F.3d at 799; Aguillard, 217 F.3d at 1320. And, as

discussed above, the court discussed Lariscy's previous "very lenient sentence,"

his "potential to be violent," the "great mischief" that ensues from his "propensity

to drink or consume alcohol," and the passage of a mere three months before he

---

[1] The Government asserts that because Lariscy failed to object at sentencing either that his sentence was unreasonable or that the district court did not consider the § 3553(a) factors, we should review Lariscy's challenge to the reasonableness of his sentence for plain error. But we need not decide this issue, because even under a reasonableness standard, Lariscy's appeal fails.

[2] Lariscy's underlying offense of conviction carries a mandatory maximum sentence of five years' imprisonment and is considered a Class D felony. See 18 U.S.C. § 3559(a)(2); 18 U.S.C. § 871(a). For a Class D felony, 18 U.S.C. § 3583(e)(3) authorizes a term of supervised release of not more than two years. 18 U.S.C. § 3583(e)(3). Under the Chapter 7 policy statements, Lariscy's advisory Guidelines range of incarceration upon revocation was three to nine months' imprisonment.

violated the terms of his supervised release. On this record, we cannot say that Lariscy's 24-month sentence was unreasonable or that the district court's imposition of this sentence was an abuse of discretion.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM**.